UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHNNEY AL OSBORNE, JR.,

       Petitioner,                              Civil 05-405-HA

   v.

                                            ORDER

JEAN HILL,

       Respondent.

_____

HAGGERTY, Chief Judge:

      Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus on March 23, 2005 and pursuant to an Order of this court, filed an Amended Petition for a Writ of Habeas Corpus [7] on June 17, 2005, alleging eight grounds for relief. Petitioner has also filed *pro se* a Motion for Summary Judgment [12], Motion for Special Housing [13], and two Motions for Discovery [14, 27]. Petitioner's petition is denied as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and his subsequent motions are denied as moot.

1 – Order

The AEDPA establishes a one-year statute of limitations in which state prisoners must file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The one-year time limitation commences from the date the conviction becomes final, but the statute is tolled during the time that a properly filed application for state post-conviction relief or other collateral review is pending. 28 U.S.C. §§ 2244(d)(1)(a) and (d)(2). The filing of a state claim for post-conviction relief after the AEDPA statute of limitations has ended is an "absolute time bar" to filing for federal habeas relief after the state claims are exhausted. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). AEDPA's one-year statute of limitations applies even if there is a longer state statute of limitations and "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted). The limitations may be tolled when circumstances beyond the petitioner's control prevent the timely filing for relief. *Green v. White*, 223 F.3d 1001, 1003-04 (9th Cir. 2000) (citation omitted). However, the threshold for triggering equitable tolling under the AEDPA is high." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quotation and citation omitted).

Petitioner's underlying criminal proceedings became final on November 15, 2000. Petitioner has provided no evidence of extraordinary circumstances that would necessitate equitable tolling of the limitations period. Accordingly, petitioner was required to file his federal habeas petition on or before November 15, 2001, unless a properly filed state claim tolled the AEDPA statute of limitations. Petitioner did not file his state claim until March 2003, long after the ending of the AEDPA statute of limitations. Accordingly, his federal habeas petition is untimely. *Jiminez*, 276 F.3d at 482; *Ferguson*, 321 F.3d at 823.

2 – Order

**CONCLUSION**

Petitioner's Amended Petition [7] is DENIED as untimely. Petitioner's Motion for Summary Judgment [12], Motion for Special Housing [13], and two Motions for Discovery [14, 27] are denied as moot.

IT IS SO ORDERED.

DATED this __8__ day of March, 2006.

>	___/s/Ancer L.Haggerty_____
>	Ancer L. Haggerty
>	United States District Judge

3 – Order